## Case No. 12,623.

SEDGWICK v. PLACE et al.

[3 N. B. R. 302 (Quarto, 78).] [1]

District Court, S. D. New York. 1869.

BANKRUPTCY—ASSIGNMENT—SPECIAL RECEIVER—DISTRIBUTION AMONG CREDITORS.

Where a voluntary assignment under the state law was adjudged valid, and debtors subsequently went into bankruptcy, a special receiver held moneys of bankrupts which had come to his hands through a voluntary assignment under the state law adjudged to be valid: *Held*, a proper portion thereof ought to be distributed among the creditors in bankruptcy, not through the assignee in bankruptcy, but direct by such receiver to the proper distributees. Reference ordered to master to ascertain and report as to amount of dividend, distributees, etc., etc.

[This was a proceeding by John Sedgwick, assignee, against James K. Place and others. For prior proceedings in this litigation, see Case No. 12,622.]

F. N. Banks, for plaintiff and special receiver.

Marsh, Coe & Wallis, for voluntary assignees.

BLATCHFORD, District Judge. I think that so much of the moneys in the hands of the special receiver appointed in this cause, as shall be ascertained to be a proper sum for the purpose, ought to be divided among the creditors of Place & Sparkman. Those creditors are, all of them, represented by the plaintiff as assignee of Place & Sparkman as bankrupts, or by the defendants, Burritt & Sheffield, as voluntary assignees of Place & Sparkman. If such division shall be made

[1] [Reprinted by permission.]

among such creditors of Place & Sparkman as have proved their debts in bankruptcy, and on the assumption that the indebtedness of Place & Sparkman amounts, on the whole, to not less than the aggregate amount of such indebtedness, as stated in the inventory or schedule of the creditors of Place & Sparkman, filed in the office of the clerk of the city and county of New York on the 13th of January, 1868, in pursuance of the state law in regard to voluntary assignments, and if the rate of such dividend shall not exceed the rate which would be divisible in case all the debts named in such inventory or schedule were proved in bankruptcy in addition to such debts proved in bankruptcy as do not appear in such inventory or schedule, the rights and interests of all creditors of Place & Sparkman who are represented by any of the parties to this cause will be fully protected. But such dividend ought to be made directly to such creditors by the special receiver as part of the proceedings in this cause, and not by the assignee in bankruptcy as part of the proceedings in bankruptcy after a transfer to him by the special receiver of the proper sum to be divided. There must be a reference to a master, to ascertain and report on the above basis the proper sum to be divided, and to prepare a schedule of the distributees, and of the amounts of their debts, which ought to share in the dividend, and of the rate of dividend, and of the amount to be paid to each creditor. On the coming in and confirmation of the master's report, the distribution, as reported, will be authorized.

[NOTE. Subsequently the district court decreed that the settlement by James K. Place upon his wife of certain real and personal estate was valid. Case No. 12,620. The circuit court, upon appeal, reversed the decision in this particular, and affirmed it upon other points.]